a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LAVELLE D. DAVIS, Petitioner | CIVIL ACTION NO. 1:19-CV-1363-P |
| VERSUS | JUDGE DRELL |
| SANDY MCCAIN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Lavelle D. Davis (#305024) ("Davis"). Davis is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Davis challenges his conviction in the Ninth Judicial District Court, Rapides Parish.

Because Davis's § 2254 Petition (ECF No. 1) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Davis was "initially indicted by a Rapides Parish Grand Jury on 56 counts of sexually related crimes, including aggravated rape, aggravated incest, pornography with a juvenile, sexual battery, enticing minors into prostitution, contributing to the delinquency of a juvenile, attempted sexual battery, indecent behavior with a juvenile, and forcible rape." ECF No. 1-3 at 46. Through court-appointed counsel, Davis filed an application for appointment of a sanity commission. Following a sanity evaluation and hearing, Davis "was found having mental defect, unable to proceed to

trial at the time, and the court further found that Petitioner was lacking mental capacity, was a danger to himself and others and was ordered to be committed to East Louisiana Mental Health System / Forensic Division under Art. 648 of the Louisiana Code of Criminal Procedure and to remain there until further orders of the court." *Id.*

Approximately four months later, the court found Davis was competent and able to proceed. *Id.* at 47. New counsel was appointed to represent Davis and, pursuant to a plea agreement, Davis pleaded guilty to two counts of forcible rape. *See id.* All other charges were dismissed. *See id.* Davis was sentenced to 33 years of imprisonment without benefits on June 15, 2015. *See* ECF No. 1 at 1. Davis states that he did not appeal from the judgment of conviction. *See id.*

Davis alleges that he filed an application for post-conviction relief on February 29, 2016, and an amended application on October 6, 2016. Davis alleged that, had his attorney told him that he would have to register as a sex offender, he would not have entered a guilty plea. ECF No. 1-3 at 13. Thus, Davis implies that, had he been aware of the registry requirement, he would have gone to trial on all 56 sex crimes charged. The Ninth Judicial District Court conducted a hearing on July 31, 2017, and the application was denied. *See* ECF No. 1 at 2; ECF No. 1-3 at 24-25.

Davis filed a writ application in the Louisiana Third Circuit Court of Appeal on October 24, 2018. ECF No. 1-3 at 21. The appellate court denied Davis's writ application as procedurally deficient on January 15, 2019. *See id.*

Davis filed a writ application in the Louisiana Supreme Court dated February 25, 2019. ECF No. 1-3 at 18. The Louisiana Supreme Court denied Davis's writ at untimely filed. *State v. Davis*, 2019-00397 (La. 8/12/19); 279 So.3d 914, 915 (citing Louisiana Supreme Court Rule X, § 5(a)).

II. <u>Law and Analysis</u>

    A. <u>Davis's Petition is untimely.</u>

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

Moreover, to be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must follow the applicable laws and procedural rules. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

A writ application that fails to comply with Louisiana Rules of the Courts of Appeal is not "properly filed." *See Reynolds v. Cain*, 13-CV-41, 2014 WL 688973, at *5 (M.D. La. Feb. 20, 2014); *Dugas v. Cain*, 6:09-0673, 2010 WL 2816247 (W.D. La. May 25, 2010), *supplemented*, 2010 WL 2816250 (W.D. La. June 24, 2010), *report and recommendation adopted*, 2010 WL 2836278 (W.D. La. July 15, 2010); *see also Koumjian v. Thaler*, 484 F. App'x 966, 968 (5th Cir. 2012) (state court's ruling as to whether a state habeas petition is "properly filed" is dispositive).

Likewise, a writ application that fails to comply with Rule X of the Louisiana Supreme Court Rules is not "properly filed," and it is not "pending" as post-conviction review for purposes of the AEDPA's statute of limitations and tolling doctrines. *See Butler v. Cain*, 533 F.3d 314, 318-319 (5th Cir. 2008); *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (failure to file state pleadings in the time-frame provided for under state law rendered the pleadings not properly filed); *Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008) (same).

Davis's conviction became final thirty days after the judgment of conviction, on July 15, 2015, when the time for filing an appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A); La. C. Cr. P. art. 914. Davis had one year from that date within which to file a § 2254 Petition.

The limitations period was interrupted when Davis filed his application for post-conviction relief on February 29, 2016, after 229 of the 365 days had passed. *See* ECF No. 1 at 2. However, the Third Circuit denied Davis's writ application as procedurally deficient (ECF No. 1-3 at 21), and the Louisiana Supreme Court determined that Davis's writ application on post-conviction relief was untimely filed under Rule X, § 5(a), *Davis*, 279 So. 3d at 915. Because neither of Davis's writ applications were "properly filed," neither continued to toll the limitations period. Therefore, the limitations period resumed prior to October 24, 2018, when Davis's writ application was filed.

At that time, there were 136 days remaining of the one-year limitations period. Davis did not file his § 2254 Petition until October 17, 2019, almost seven months past the deadline.

Although Davis challenges the correctness of the ruling of the Louisiana Supreme Court, it would be improper for this Court to second-guess the Louisiana Supreme Court regarding its interpretation and application of Rule X, § 5. *See Hamm v. Deville*, 15-CV-5012, 2016 WL 8578101, at *7 (E.D. La. Apr. 20, 2016), *report and recommendation adopted*, 2017 WL 1079253 (E.D. La. Mar. 22, 2017). "It is beyond cavil that the state courts are the final arbiters of state law." *Id.* (citing *Levy Gardens Partners 2007, L.P. v. Commonwealth Land and Title Insurance Co.*, 706 F.3d 622, 629 (5th Cir. 2013) ("The principle that state courts are the final arbiters of state law is well-settled.")); *see Charles v. Thaler*, 629 F.3d 494, 500-01 (5th Cir. 2011) ("A

5

federal court lacks authority to rule that a state court incorrectly interpreted its own law.").

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, there is no justification for doing so for Davis's Petition. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). To be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader,* 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)). Because it is a discretionary doctrine, however, a court's determination of whether equitable tolling applies "turns on the facts and circumstances of a particular case." *Id.* (citing *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)).

Davis does not argue that he is entitled to equitable tolling. Regardless, there is no evidence that Davis was actively misled by the state about any cause of action or prevented in an extraordinary way from asserting his rights.

### III. Conclusion

Because the § 2254 Petition is untimely, IT IS RECOMMENDED that Davis's § 2254 Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and

Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    THUS DONE AND SIGNED in Alexandria, Louisiana, on this 1st day of April 2020.

                                                         _____
                                                          JOSEPH H.L. PEREZ-MONTES
                                                          UNITED STATES MAGISTRATE JUDGE